THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR64 |
| Plaintiff, | ) ) | JUDGE JOHN ADAMS |
| v. | ) ) | **ORDER** |
| CLAUDE COLEMAN, | ) ) ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress filed by Defendant Claude Coleman. Doc. 20. The Government timely opposed the motion. Doc. 21. Coleman replied in support his motion (Doc. 25), and the Court conducted an evidentiary hearing that spanned two different days. Following the final hearing, Coleman submitted a post-hearing brief and a supplement. Upon review of the relevant filings, testimony, exhibits, and applicable law, the Court DENIES the pending motion.

On May 22, 2021, officers with the Cleveland Police Department were patrolling a high crime area. Officers received reports of a male standing near a vehicle with an open container of alcohol. Given the violation as well as the time of night and area's history, officers decided to intervene. In the process of approaching the individual, officers drove the wrong way down a one-way street and then approached on foot. In so

doing, officers effectively blocked the vehicle that was near the individual with the open container. Coleman was the driver of this vehicle.

Officers contend that while walking past Coleman's vehicle they noticed a backpack with a jar of marijuana in it. At that time, Coleman was asked to exit the vehicle. Coleman exited the vehicle, but then attempted to flee. He was immediately subdued by multiple officers and placed into custody. A search of Coleman's person and the vehicle resulting in the recovery of $3,777 in case, a firearm, controlled substances, and a scale.

Coleman seeks to suppress the evidence gathered against him and argues that he was seized without probable cause. Specifically, Coleman contends that when officers approached the individual on the street to issue him a citation, they utilized their vehicles and/or persons to eliminate his ability to leave in his vehicle. Coleman contends that at the time of these actions, officers had no basis to believe that he had engaged in any criminal activity.

Coleman is correct that "stopping an automobile and detaining its occupants constitute a 'seizure' within the meaning of th[e] [Fourth] Amendment[ ], even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653, (1979). Generally, the Fourth Amendment requires at least a "reasonable suspicion" that an individual has committed a crime before the individual may be seized. *See United States v. Palomino*, 100 F.3d 446, 449 (6th Cir.1996); *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

> However, even absent particularized reasonable suspicion, innocent bystanders may be temporarily detained where necessary to secure the scene of a valid search or arrest and ensure the safety of officers and others. *See, e.g., Michigan v. Summers*, 452 U.S. 692, 704–05 (1981).

2

> In *Ingram*, we specifically addressed this "general right to detain without reasonable suspicion or probable cause[.]" 185 F.3d at 591 (capitalization and emphasis omitted). We noted that "[w]hile we have occasionally permitted the use of such tactics by officers to detain private individuals for investigative purposes, we have done so only where the officers making the seizures acted out of a justifiable fear of personal safety." *Id*. at 591–92. Moreover, it is expected that any detention under these circumstances would be "limited or routine[.]" *Id*. at 592; *see also Summers*, 452 U.S. at 705 n. 21.

*Bletz v. Gribble*, 641 F.3d 743, 755 (6th Cir. 2011).

While the parties have heavily disputed when and whether Coleman was seized by the officers' various actions, the Court need not draw a distinct line of when Coleman's seizure occurred. Drawing a conclusion most favorable to Coleman, he was seized when officers traveled the wrong way down the one-way street on which he was parked. However, even under those facts, Coleman was "seized" under the Fourth Amendment for less than a minute before officers saw marijuana in plain view in his automobile.

During the Court's evidentiary hearing, officers described the area in which Coleman was ultimately arrested. It was described as a high crime area, and officers described a similar crime that had occurred just weeks prior to Coleman's arrest. Officers further described that when they received information about the person with the open container, they were able to quickly ascertain that there were multiple persons in that area. As a result, multiple officers were required to approach the individual to ensure officer safety. Officers also explained that they traveled the wrong way down the street in hopes of surprising anyone engaged in illegal conduct – effectively lowering the chances of flight.

Based upon the full record presented to the Court, the Court finds that Coleman was properly temporarily detained to ensure officer safety as they attempted to enforce the prohibition on open containers of alcohol. Any such detention was minimal as Coleman was detained for under a minute before officers had cause to request him to exit his vehicle. Accordingly, Coleman's temporary detention did not run afoul of the Fourth Amendment.

In passing, Coleman also contends that viewing the marijuana in his vehicle did not warrant officers removing him from the vehicle. At the same time, Coleman concedes that officers could remove him from the vehicle for officer safety. Coleman, however, argues that the Government has not properly argued this point and that the Court should therefore not consider it. The Court disagrees. It is the Court's function to reach the proper *legal* conclusions based upon the factual presentation of the parties. The facts presented to the Court support the conclusion that officers did not violate Coleman's rights when they asked him to step out of the vehicle after viewing marijuana in plain view in his vehicle.

Coleman also suggests that body camera footage refutes Officer Kaufman's testimony that he viewed the marijuana from outside the vehicle.

> Second, the body camera footage shows there is no way Officer Kaufman could have seen a jar of marijuana inside the backpack. Officer Kaufman's body camera footage shows him unzipping the middle zipper on the backpack. While Officer Kaufman testified that he unzipped the backpack "the rest of the way," the footage shows the zipper was too far to the closed position for Officer Kaufman to have seen inside the pack. Officer Kaufman's testimony is not credible in light of his body camera footage.

Doc. 30 at 2. The Court cannot agree with these assertions. Coleman is correct that Officer Kaufman's body camera footage shows in part him unzipping parts of the

4

backpack at issue. However, nothing in any of the footage refutes Kaufman's testimony that he was able to view the marijuana from outside the vehicle. The angle of Kaufman's body camera footage does not provide a full and complete view of the backpack; therefore, it is not possible to reach the conclusion set forth by Coleman above. Coleman's conclusion is also refuted by Kaufman's actions prior to searching the backpack. On his body camera footage, Kaufman can be heard saying "there's some shit in this backpack right here. That's what I was pulling him out for." Doc. 36-7 at 3. Kaufman made these statements prior to any footage of his full search of the backpack. Accordingly, the suggestion that Kaufman was unable to view the contents of the backpack is not supported by the record before this Court.

Finally, Coleman appears to argue that because possession of marijuana is a minor misdemeanor, officers were not permitted to search his vehicle based upon their observance of the jar of marijuana. Coleman, however, ignores that officers were permitted to consider that he attempted to flee when asked to step out of the vehicle – thus generating reasonable suspicion that he was engaged in more than a minor misdemeanor. In any event, officers were within their right to seize the contraband that was in plain view, the jar of marijuana, which necessitated removing and opening the backpack. Accordingly, Coleman cannot establish that such a search violated his rights.

Based upon the above, Coleman's motion to suppress is DENIED.

IT IS SO ORDERED.


September 21, 2022      ____/s/ Judge John R. Adams_____
                                                   JUDGE JOHN R. ADAMS
                                                   UNITED STATES DISTRICT COURT