UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO. 1:22CR64 |
| v. | ) Judge John R. Adams |
| CLAUDE COLEMAN, | ) ORDER |
| Defendant. | ) |

Defendant Claude Coleman argued during his sentencing hearing that he did not qualify as a career offender. Specifically, Coleman contended that his aggravated robbery convictions do not meet the sentencing Guidelines' definition of extortion. Coleman asserts:

> Mr. Coleman's *Shepard* documents do not reflect any particular theft offense underlying his aggravated robbery conviction. Instead, his charging documents only list a "theft offense, as defined in Section 2913.01 and Section 2913.02 of the Revised Code." (Exh. A: Cuy. County Records, pp. 1, 6). Section 2913.01 lists more than 31 different theft offenses. *Wilson*, 978 F.3d at 995-996. "Those thirty-one crimes cover a broad range of conduct: robbery, burglary, securing writing by deception, theft by threat, identity theft, safecracking, and tampering with coin machines, just to name a few." *Wilson*, 978 F.3d at 995-996. Because Mr. Coleman's *Shepard* documents do not specify a particular theft offense, this Court "must consider the "minimum conduct criminalized" by any of them. *See Wilson*, 978 F.3d at 996 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

Doc. 146 at 3. Coleman goes on to assert what he claims are numerous Ohio theft offenses that "do not require obtaining property from another." Doc 146 at 4. However, in analyzing O.R.C. § 2911.02(A)(2) to determine whether it met the definition of extortion, the Sixth Circuit expressly held:

> The first element of Ohio robbery—theft or attempted theft—is narrower than the corresponding requirement in the Guidelines. The Guidelines require that an extortionist "obtain[ ] something of value from another," which is satisfied when an offender gains control over the object.

*United States v. Carter*, 69 F.4th 361, 364 (6th Cir. 2023).  This Court notes that Ohio's robbery and aggravated robbery statutes both rely upon nearly identical language – O.R.C. § 2911.01 provides that "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following[.]"  While O.R.C. § 2911.02 provides that "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following[.]"

Based upon the above, the Court finds no basis to depart from the Sixth Circuit's analysis in *Carter* where the Court found that theft or attempted theft in Ohio is narrower than the Guidelines' definition of extortion.  As such, the Circuit has effectively precluded the arguments Coleman seeks to raise with respect to the theft aspect of his prior convictions.

The Circuit's analysis in *Carter* also forecloses Coleman's argument that the Court must engage in double division – that is, first analyze the proper subsection of the aggravated robbery statute and then analyze the proper underlying theft offense.  While Coleman asserts that there are numerous Ohio theft offenses that do not require obtaining property from another, *Carter* rejected such an argument finding that "Ohio's theft statute has the same requirement: an individual must 'obtain or exert control over ... property or services.'"  *Id.* at 364.  As *Carter* resolved this issue, this Court need not revisit it.

The Government correctly noted during sentencing that the only issue left unresolved by *Carter* is whether displaying, brandishing, or indicating possession of a firearm is a match for force, fear of physical injury, or threat of physical injury.  In that regard, the Ohio Supreme Court has held:

> One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession,

or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent.

*State v. Evans*, 2009-Ohio-2974, ¶ 23. Based upon the rationale utilized by the Ohio Supreme Court, displaying, brandishing, or indicating possession of a firearm is in fact a match for force, fear of physical injury, or threat of physical injury

The Court, therefore, properly found Coleman to be a career offender.

IT IS SO ORDERED.

November 13, 2023            */s/ John R. Adams*
Date            Judge John R. Adams
           United States District Court